UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARRYL D. AGLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:14-CV-99 |
| | ) |
| WESTHEIMER CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is an Agreed Motion for Entry of Stipulated Protective Order, seeking approval of a proposed Stipulated General Protective Order Concerning Confidential Information ("Proposed Order") under Federal Rule of Civil Procedure 26(c). (Docket # 21.) Rule 26(c)(1) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). As the proposed order is deficient in several ways, the motion will be DENIED.

First, the Proposed Order states in section I: "This Protective Order shall apply to the named Parties to this Action *and to any other non-party who produces or provides Discovery Material in this action . . . .*" (Emphasis added.) But on this record, the entry of a protective order that relates to unknown non-parties is not justified. *See Kraft Foods Global, Inc. v. Dairilean, Inc.*, No. 10 C 8006, 2011 WL 1557881, at *6 (N.D. Ill. Apr. 25, 2011). "Issues relating to third party compulsory disclosure are likely to be fact-specific and will be determined as they arise" in accordance with Federal Rule of Civil Procure 45. *Id*. Therefore, the Court is unwilling to adopt this term.

Section 1 also provides that the Order "shall remain in full force and effect after the

termination of this Action . . . ." But the Court is unwilling to enter a protective order that suggests the Court retain jurisdiction of any kind after the resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

In addition, section IV(A) of the Proposed Order appears to limit the Order's terms to discovery only, and thus, that no document or portion of a document would be maintained under seal in the absence of an authorizing statute, court rule, or further leave of court. This section, however, cites to the Local Rules for the Southern District of Indiana, rather than the Local Rules for this Court; as such, the Court cannot approve this provision as written. The parties should note that if the Court has correctly summarized this section's meaning, then the definition of "Confidential Information" provided in section II(A) may be adequate, despite several overly-inclusive statements therein.

In sum, it is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46. Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *2 (S.D. Ind. Mar. 28, 2003).

For these reasons, the Court DENIES the Agreed Motion for Entry of Stipulated Protective Order. (Docket # 21.) The parties may, however, submit a revised protective order

consistent with the requirements of Rule 26(c)(1) and Seventh Circuit case law.

SO ORDERED.

Enter for this 1st day of December 2014.

S/ Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge