# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DARRYL D. AGLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO. 1:14-CV-99 |
| | ) |
| WESTHEIMER CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is an Agreed Motion for Entry of Amended Stipulated Protective Order, seeking approval of a proposed Amended Stipulated General Protective Order Concerning Confidential Information ("Proposed Order"). (Docket # 28.) Federal Rule of Civil Procedure 26(c)(1) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Because the Proposed Order is still lacking in at least two ways, the motion will be DENIED.

As a threshold matter, it is now clear from section IV(A)(1) that the Proposed Order extends beyond the discovery process and contemplates the filing of documents with the Court under seal. As such, the Proposed Order is subject to a higher level of scrutiny. *See Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008) ("[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings.").

A protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance.*, 178 F.3d at 946. Although the Proposed Order sets forth several demarcated categories of confidential information, it does not limit protection

to such categories, rendering the proposed Order overly broad. (Proposed Agreed Protective Order § II(A)); *see Cincinnati Insurance*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Moreover, the Proposed Order should seek to narrowly protect any confidential material through a method of redaction, rather than allowing documents that "contain" confidential material to be filed under seal. (Proposed Amended Protective Order § IV(A)(1)); *see Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document). That is, the Proposed Order should require the public filing of a redacted version of the document (in which only the actual confidential material is redacted) when an unredacted version is filed under seal.

It is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Insurance*, 178 F.3d at 945-46. Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

For these reasons, the Court DENIES the Agreed Motion for Entry of Amended

Stipulated Protective Order. (Docket # 28.) The parties may, however, submit a revised protective order consistent with the requirements of Rule 26(c)(1) and Seventh Circuit case law.

SO ORDERED.

Enter for this 17th day of March 2015.

S/ Susan Collins  
Susan Collins  
United States Magistrate Judge